# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSIAH COMPTON, ) | |
| ) | |
|       Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-241-JPG |
| ) | |
| ATTORNEY GENERAL, *et al.*, ) | |
| ) | |
|       Respondent. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the St. Clair County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In this action, Petitioner alleges that his attorney allowed him to speak with federal agents in April 2004.  Those discussions apparently led to a federal indictment against Plaintiff, charges that are currently pending in this District.  *See United States v. Farmer, et al.*, Case No. 04-cr-30139 (S.D. Ill., filed Nov. 30, 2004).  Petitioner now claims that he was interrogated against his will, in

violation of his *Miranda* rights.  He also claims that his Sixth Amendment rights to counsel and to a speedy trial have been violated; he seeks immediate dismissal of the indictment against him.[1]

Petitioner previously presented virtually identical claims in a civil rights action in this District.  *See Compton v. Hilderbrand*, Case No. 05-cv-571-WDS (S.D. Ill., filed Aug. 9, 2005).  In that case, the Honorable William D. Stiehl explained that those claims should be presented within the context of that pending criminal action.  *Id*. (order at Doc. 12, entered March 23, 2006).  That same rationale applies to the instant claims:  if Petitioner contests the voluntariness of his statements, that argument may be raised at this point ***only*** in the criminal case to challenge the admissibility of those statements.  Furthermore, this Court does not have the power to dismiss the indictment in a case pending before another judge in this District.

In summary, the petition does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** without prejudice to Petitioner challenging the admissibility of his statements in the criminal case currently pending in this District.

**IT IS SO ORDERED.**

**Dated: May 23, 2006.**

**s/ J. Phil Gilbert**
**U. S. District Judge**

---

[1]  The Court notes that Petitioner recently filed a *pro se* motion for dismissal in his criminal case, in which he raised these same claims.  That motion was denied, partly on the merits and partly due to a change in Petitioner's appointed counsel.  *United States v. Farmer, supra* (Docs. 517, 525).